# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VICTOR P. HENDERSON, copyright claimant, an individual, writing under the pseudonym,
LYRIC HAWKINS, professionally known in publishing and media as,
LYRIC (NINO NASIR) HAWKINS, and,
D/B/A/ KREATIVEMINDZ PRESS, residing in Lakeland, Florida,

*Plaintiff, (Pro Se)*

v.

Case No.: 8:25-cv-2561-MSS-NHA

STARZ ENTERTAINMENT, LLC; a Colorado Corporation,
LIONSGATE ENTERTAINMENT CORP; a California, (British Columbia, Canada) Corporation,
CURTIS "50 CENT" JACKSON; an individual,
G-UNIT FILM & TELEVISION, INC; a production entity, a Louisiana Corporation,
COURTNEY A. KEMP; an individual,
END OF EPISODE, INC; a production entity, a Delaware Corporation,
SASCHA PENN; an individual,
and DOES 1 through 50, inclusive,

*Defendants.*
.

**COMPLAINT FOR WILLFUL COPYRIGHT INFRINGEMENT AND RELATED CLAIMS**

**(17 U.S.C. §§ 101 et seq.)**

Plaintiff, by and through the undersigned pro se, brings this action for willful copyright infringement and related relief against the above-named Defendants and alleges as follows:

I.F.P.

## I. NATURE OF THE ACTION

1. This is a civil action for monetary damages, injunctive relief, and authorial credit arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., for willful copyright infringement, the unauthorized reproduction, adaptation, dramatization, distribution, performance, display, and exploitation of Plaintiff's original copyrighted literary material in a dramatized television series.

2. Plaintiff seeks (i) retroactive and prospective payment of all royalties and residuals associated with the infringing series, formerly known as *Power Book III: Raising Kanan,* now to be renamed *Power Book III: ROTT3N~$~APPLE*; (ii) formal credit inclusion on all past and future broadcasts and derivative works; and (iii) public recognition and attribution as a creator and writer of the series.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (exclusive jurisdiction over copyright claims)), as this case arises under the Copyright Act, 17 U.S.C. § 101 et seq.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims for emotional distress and related torts pursuant to 28 U.S.C. § 1367, because such claims form part of the same case or controversy under Article III of the United States Constitution.

4-A. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claim for intentional infliction of emotional distress, brought pursuant to Restatement (Second) of Torts § 46, because that claim arises from the same nucleus of operative facts as the federal copyright claims and forms part of the same case or controversy.

5. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1400(a) and § 1391(b) because Defendants committed acts of infringement in this District and/or maintain business operations within this jurisdiction.

## III. THE PARTIES

6. Plaintiff VICTOR P. HENDERSON, professionally known in publishing and media as LYRIC HAWKINS, p.k.a. LYRIC (NINO NASIR) HAWKINS, is an author residing in Lakeland

Florida, and is the sole author and owner of a copyrighted work entitled " ROTT3N~$~APPLE DECISIONS OF A WALL STREET THUG BL3$$3D & H8'D! FROM THUG TO WALL STREET THIS IS A SOUTHSIDE JAMAICA QUEENS STORY!, registered with the U.S. Copyright Office under Registration No. **TXu002294521**.

7. Defendant STARZ ENTERTAINMENT CORP. is a television and digital media entity responsible for the public airing, distribution and broadcast of the infringing content on national and/or international platforms.

8. Defendant LIONSGATE STUDIOS CORP. is a production entity involved in the creation and financing of the dramatized television series based on Plaintiff's copyrighted work.

9. Defendant G-UNIT FILM & TELEVISION, INC. is a production entity involved in the creation and financing of the infringing dramatized television series based on Plaintiff's copyrighted work.

10. Defendant END OF EPISODE, INC. is a production entity involved in the creation and financing of the dramatized infringing television series based on Plaintiff's copyrighted work.

11. Defendant Curtis "50 Cent" Jackson is an executive producer and key creative of the TV series, involved in the development, incorporation, and promotion of the unauthorized infringing content.

12. Defendant Courtney A. Kemp is an executive producer and writer of the TV series, who substantially participated in developing the television series at issue and is believed to have had direct knowledge of the infringement, and is responsible for the unauthorized adaptation and incorporation of the infringing material into the work.

13. Defendant Sascha Penn is a showrunner, screenwriter, and executive producer involved in the creation of the television series.

14. DOE DEFENDANTS 1-50 are unknown individuals or entities who materially participated in the infringement. Plaintiff is currently unaware of the true names and capacities of the individuals and entities who participated in or facilitated the acts complained of herein and therefore sues said Defendants under the fictitious names

Plaintiff will amend this complaint to allege their true names and capacities once identified.

Plaintiff is currently unaware of the true names and capacities of DOES 1–20, who will be named and served when identified.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff is the sole author and rightful owner of the original literary work entitled "ROTT3N~$~APPLE DECISIONS OF A WALL STREET THUG BL3$$3D & H8'D! FROM THUG TO WALL STREET THIS IS A SOUTHSIDE JAMAICA QUEENS STORY!" published in 2021 and obtained copyright registration on December, 14, 2021.

16. The work originated as a personal journal authored by Plaintiff in or around 2001, titled DECISIONS. It contained original narrative content, character sketches, thematic elements, and story arcs solely developed by Plaintiff.

17. This personal life journal was transformed into a manuscript that remained unpublished and confidential, stored at Plaintiff's private residence, and known only to Plaintiff at the time.

18. Between 2003 and 2006, the entire manuscript went missing from Plaintiff's private residence under suspicious circumstances suggestive of unauthorized access to Plaintiff's residence and personal belongings.

19. During that period, at least eleven individuals, eight (8) adults and three (3) minors, had periodic or occasional access to Plaintiff's home. Plaintiff believes that one or more of these individuals may have removed or copied the manuscript without consent.

20. The individual who retrieved a child from the residence during this period did so without authorized entry, further indicating unlawful access.

21. Upon information and belief, Plaintiff's biological brother, who had access to Plaintiff's residence during the early 2000s, and his spouse both later appeared as extras in one or more episodes of the television series Power Book III: Raising Kanan.

22. Plaintiff did not authorize any of these individuals to access, copy, retain, or remove the manuscript or any portion thereof. Plaintiff has never granted permission to any third party to publish, disclose, distribute, or commercially exploit the manuscript or its contents.

23. Plaintiff believes the disappearance of the manuscript was not coincidental and may have involved intentional or negligent acts by one or more of the individuals who had access, constituting misappropriation of Plaintiff's intellectual property.

COMPLAINT

24. In the years following the disappearance, Plaintiff substantially rewrote and expanded the manuscript based on memory, authorship, and new development(s). The final work was completed and published in 2021 under its current amended title.

25. Plaintiff introduced, presented, submitted and/or discussed the work with industry professionals via social media direct messages under confidential or semi-confidential terms.

26. In or about 2021, Defendants released *"POWER BOOK III: RAISING KANAN"*, a television series whose content substantially copied Plaintiff's protected material.

27. Defendants failed to seek permission or license from Plaintiff and their use was unauthorized and willful.

28. Plaintiff's work was completed prior to any known production or release of the television series in question.

29. On or about April 4, 2025, Plaintiff discovered that the television series produced and distributed by Defendants substantially copied, reenacted, dramatized, and commercialized original characters, plot lines, dialogue, and themes from Plaintiff's copyrighted work.

30. Defendants did not seek permission, licensing, attribution, credits, or compensation for the use of Plaintiff's copyrighted published work.

31. The television series contains the same or strikingly similar character arcs, settings, plot elements, and specific events as Plaintiff's protected literary material.

32. A side-by-side comparison of characters, scenes, dramatizations, and reenactments reveals extensive similarities, indicating direct copying and derivative use.

33. The elements used by Defendants are not generic or stock content but are Plaintiff's original, creative expressions entitled to full copyright protection.

34. Plaintiff retains all rights under the Copyright Act as the original and sole author. Plaintiff's original copyrighted work contains **over two hundred (300) unique, protectable expressions, scenes, plot structures, sequences, character developments, thematic elements, and dialogues**, which have been substantially and unlawfully reproduced or adapted in the Defendants' audiovisual series.

35. These elements are not generic or stock content, but **unique, creative literary expressions** that are entitled to full copyright protection.

36. The **cumulative use** of over 300 original elements evidences not only proves access and copying, but blatant **willful infringement** conducted with commercial intent.

## V. EVIDENCE OF INFRINGEMENT

| ELEMENT | ORIGINAL WORK (PLAINTIFF) | TV SERIES (DEFENDANTS) |
|---|---|---|
| Character | Elise Hawkins – Terminally ill parent hides the fact that she has cancer from her kid's | Joyce Thomas – Terminally ill parent hides the fact that she has cancer from her kid's |
| Plot Device | Hospital Bed | Hospital Bed |
| Scene | Teen Visits Cemetery | Teen Visits Cemetery |
| Dialogue/Theme | "You're gonna outlive all of us!" "Take care of your brother." | "She gonna outlive all of us." "Take care of your brother." |
| Concealed | Mother has terminal illness "Cancer" | Mother has terminal illness "Cancer" |

COMPLAINT

Morality Arc    Mother hides illness from her children.    Mother hides illness from her children.

**Exhibit A: U.S. Copyright Registration Certificates**

**Exhibit B** – Cover page + publication info of ROTT3N~$~APPLE (ISBN, Publisher)

**Exhibit C** – Cease and Desist Notice sent to Defendants

**Exhibit D** – DMCA Takedown Notice sent to Defendants

**Exhibit E** – Witness Statement(s), Affidavit(s)

**Exhibit F – Index of Over 300 Infringed Elements from Plaintiff's Book,** Side-by-Side Content Comparison: Book vs. TV Episode (Narrative/Character Arc), Note on Substantial Similarities, showing episode-by-episode reproduction of original, protectable literary content

**Exhibit G** – Screenshots: Season(s) Episode(s) and [Timestamps]

**Exhibit H** – Infringing Material, Seasons 1-4 – Power Book III: Raising Kanan. Series Transcripts: Series & Episode Trailers / Promotional Clips Showing Infringement

**Exhibit I** – Communications Proof of Delivery / Certified Mail Receipt / Email Receipt / Social Media Communications / Registered Agent Forwarding Service Request(s)

**Exhibit J** – Legal Documents / Court Filings / Filed Claims and Pleadings / Case Law References / Attorney Notes

**Exhibit K** – Additional Evidence, Metadata Reports, Social Media Post, Third Party Verification(s)

**Exhibit L** – Summary of Damages and Exposure Estimate, Request For Relief

**Exhibit M** – Timeline(s)

## VI. CAUSES OF ACTION

### COUNT I – WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

37. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

38. Defendants copied, reproduced, distributed, displayed, and created derivative works based on Plaintiff's protected content. Plaintiff owns valid copyrights in the works identified in Exhibit A, attached hereto. The U.S. Copyright Office issued registrations for these works, and Plaintiff is

COMPLAINT

the sole owner of all rights, title, and interest in and to the copyrights.

39. Defendants' infringement was willful and intentional. Defendants, and each of them, had access to Plaintiff's copyrighted works and, without permission or authority from Plaintiff, directly copied, reproduced, distributed, displayed, and exploited substantially similar material.

## COUNT II – UNJUST ENRICHMENT

40. Defendants profited from the use of Plaintiff's original material without compensation. Defendants' unauthorized use of Plaintiff's copyrighted works constitutes willful and blatant infringement of Plaintiff's exclusive rights under the Copyright Act. As a result of the willful infringement, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c)(2) and requests an award of statutory damages of up to $150,000 for each infringed work, plus costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

41. Plaintiff is entitled to restitution for the profits Defendants unjustly received. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer irreparable harm and significant monetary damages, including actual damages and Defendants' profits attributable to the infringement.

## COUNT III – CIVIL CONSPIRACY

42. Defendants conspired and acted in concert to misappropriate Plaintiff's intellectual property.

## COUNT IV – CONVERSION / CIVIL THEFT

43. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

44. Plaintiff was the lawful owner and possessor of a personal journal and manuscript entitled *DECISIONS*, which contained original narrative content, character sketches, thematic elements, and story arcs solely developed by Plaintiff.

COMPLAINT

45. This personal journal and manuscript were wrongfully taken, removed, or otherwise converted from Plaintiff's residence without his authorization between approximately 2003 and 2006.

46. Upon information and belief, unknown parties, including one or more of the individuals who had access to Plaintiff's home during this period, unlawfully removed or copied the manuscript and later provided the material, directly or indirectly, to Defendants.

47. By exercising wrongful dominion and control over Plaintiff's property without authorization, Defendants (directly or indirectly) deprived Plaintiff of his exclusive right of possession, use, and control of the manuscript.

48. Defendants' unauthorized possession, use, and exploitation of Plaintiff's journal and manuscript constitute **conversion** and/or **civil theft** under applicable state law.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss of property, loss of control over his personal writings, economic damages, emotional distress, and related harm in an amount to be proven at trial.

50. Plaintiff is entitled to compensatory damages, punitive damages, and all other relief deemed just and proper, including the return or accounting of all materials wrongfully taken and profits derived therefrom.

## COUNT V – CONTRIBUTORY COPYRIGHT INFRINGEMENT

51. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

52. With knowledge of the direct copyright infringement described above, Defendants materially contributed to and induced the infringement by third parties.

53. Defendants' actions facilitated and encouraged the unlawful copying and distribution of Plaintiff's copyrighted works, enabling others to infringe on Plaintiff's rights.

54. As a direct and proximate result of Defendants' contributory infringement, Plaintiff has suffered and will continue to suffer irreparable harm and significant monetary damages.

## COUNT VI – VICARIOUS COPYRIGHT INFRINGEMENT

55. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

56. Defendants had the right and ability to supervise and control the infringing activities of others, including those described above.

57. Defendants received a direct financial benefit from the infringing activities.

58. By failing to prevent the infringement, Defendants are vicariously liable for the unauthorized use of Plaintiff's copyrighted works.

59. As a direct and proximate result of Defendants' vicarious infringement, Plaintiff has suffered and will continue to suffer irreparable harm and significant monetary damages.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Restatement (Second) of Torts § 46; Supplemental Jurisdiction, 28 U.S.C. § 1367)

60. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

61. Defendants engaged in extreme and outrageous conduct by willfully misappropriating and exploiting Plaintiff's copyrighted work, knowing that such conduct would cause—and in fact did cause—severe emotional distress.

62. Defendants acted intentionally or with reckless disregard of the high probability that their actions would inflict mental anguish and emotional harm upon Plaintiff.

63. As a direct and proximate result, Plaintiff suffered severe mental anguish, emotional distress, and related harm, and seeks all available damages under applicable state law.

## COUNT VIII – UNJUST ENRICHMENT (Duplicate/Alternative Pleading)

64. Plaintiff repeats and realleges all preceding paragraphs.

65. Defendants profited from the use of Plaintiff's original material without compensation.

66. Plaintiff is entitled to restitution for the profits Defendants unjustly received.

## COUNT IX – CIVIL CONSPIRACY (Alternative Pleading)

67. Plaintiff repeats and realleges all preceding paragraphs.

68. Defendants conspired and acted in concert to misappropriate Plaintiff's intellectual property.

## IX. CLAIM FOR RELIEF

Plaintiff repeats and incorporates all previous allegations.

Defendants copied original elements of Plaintiff's copyrighted work without permission, constituting willful copyright infringement under 17 U.S.C. § 501.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that Defendants willfully infringed Plaintiff's copyrighted work;

B. Preliminary and permanent injunctive relief prohibiting Defendants from any further infringement except under a valid licensing agreement with Plaintiff;

B-1. Pursuant to 17 U.S.C. § 504(c)(2), an award of statutory damages of up to $150,000 for each work infringed, together with costs and reasonable attorney's fees under 17 U.S.C. § 505;

C. An award of actual damages, statutory damages up to $150,000 per work infringed, and all profits derived from the infringement, including retroactive and prospective royalties, as well as future royalties on all uses of the infringing work;

D. An award of punitive damages in an amount to be determined at trial, due to Defendants' willful, malicious, and egregious misconduct, to punish unlawful conduct and deter future infringement;

E. An award of damages for emotional distress suffered by Plaintiff as a result of Defendants' actions, pursuant to Restatement (Second) of Torts § 46 and under this Court's supplemental jurisdiction as provided by 28 U.S.C. § 1367;

F. An order requiring Defendants to provide Plaintiff with full writing credits on all seasons and episodes of the infringing series, including marketing credits as follows:

- "Based on the Original Work "ROTT3N~$~APPLE" by Lyric Hawkins"

- "Written by Lyric Hawkins"

- Rename of the television series *POWER BOOK III: "ROTT3N~$~APPLE"*;

G. An order requiring Defendants to issue a public acknowledgment and formal apology statement to Plaintiff on all streaming platforms distributing the infringing series;

H. An order requiring public acknowledgment of Plaintiff's authorship on all streaming platforms where the infringing series is available;

I. A court order compelling Defendants to disclose the identity(s) of all individual(s) or entity(ies) who presented or submitted the original manuscript or concept for the television series, including a full disclosure of how the manuscript was obtained, specifying the method, source, and circumstances of its acquisition;

J. The immediate return of Plaintiff's original manuscript in its entirety;

K. Production of a full and complete copy of the television script for *Power Book III: Raising Kanan* for evidentiary comparison;

L. An award of reasonable attorney's fees and costs of litigation, including court costs (or reasonable pro se litigation costs, if applicable);

M. Such other and further relief as the Court deems just and proper.

## XI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 23, 2025

/s/ Victor P. Henderson

_____

VICTOR P. HENDERSON, professionally known as
LYRIC HAWKINS, a.k.a. LYRIC (NINO NASIR) HAWKINS,
D/B/A/ KREATIVEMIDNZ PRESS
705 N Terrace Cir. A
Lakeland, Florida 33801-8808
(863) 513-2801
KreativeMindzPress@Gmail.com

Plaintiff, (Pro Se)