UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR P. HENDERSON,

      Plaintiff,

v.                                                                Case No. 8:25-cv-02561-MSS-NHA

STARZ ENTERTAINMENT, LLC.

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS**

    Plaintiff Victor P. Henderson, who is not represented by a lawyer, seeks to proceed without paying the filing fee in his action against Starz Entertainment, LLC, Lionsgate Entertainment Corp., Curtis "50 Cent" Jackson, G-Unit Film & Television, Inc., Courtney A. Kemp, End of Episode, Inc., Sascha Penn, and 1000 unnamed John Does. Doc. 17. I respectfully recommend that the Court deny Plaintiff's renewed motion to proceed without paying the filing fee (Doc. 17), and dismiss his Second Amended Complaint (Doc. 16), because Plaintiff has failed to state a non-frivolous claim.

I.    <u>Background</u>

    According to the Second Amended Complaint, Plaintiff maintained a personal journal. 2d Am. Compl. (Doc. 16) ¶ 21. That journal was removed from

Plaintiff's residence by one of only a limited number of individuals with access to it. 2d Am. Compl. (Doc. 16) ¶ 22.

Plaintiff also created a literary work that was "related to, but distinct from" his personal journal. 2d Am. Compl. (Doc. 16) ¶ 21. That literary work is titled "ROTT3N~$~APPLE DECISIONS OF A WALL STREET THUG BL3$$3D & H8'D! FROM THUG TO WALK STREET THIS A SOUTHSIDE JAMAICA QUEENS STORY" ("Decisions"), and has been copyrighted. 2d Am. Compl. (Doc. 16) ¶¶ 15–16.

One of Plaintiff's close family members appeared as an extra on season 2, episode 8 of a show called *Power Book III: Raising Kanan.* 2d Am. Compl. (Doc. 16) ¶ 19. Plaintiff suspects that his family member shared Plaintiff's journal with individuals on the set of *Power Book III: Raising Kanan.* 2d Am. Compl. (Doc. 16) ¶ 20. Thereafter, Plaintiff claims that *Power Book III: Raising Kanan* incorporated character arcs, plot sequences, settings, narrative beats, and plot devices that infringed on his trademarked work. 2d Am. Compl. (Doc. 16) ¶ 24.

Plaintiff cites the following as evidence of Defendants' copying of his work:

| Plaintiff's Work | Defendants' TV Series |
|---|---|
| Character: Elise Hawkins, a terminally ill parent who hides the fact that she has cancer from her kids | Character: Joyce Thomas, a terminally ill parent who hides the fact that she has cancer from her kids |

| | |
|---|---|
| Dialogue: "You're gonna outlive all of us!" | Dialogue: "She gonna outlive all of us." |
| Dialogue: "Take care of your brother." | Dialogue: "Take care of your brother." |
| Morality Arc: Mother's hidden cancer drives protagonist's moral development via secrecy and final instructions | Morality Arc: mother with cancer concealing from family with similar discussions |
| Character: Justine Hawkins, someone tortured, murdered, and thrown out like trash whose body was found in an abandoned area in a remote part of the city. | Character: various female victims who were tortured, murdered, and thrown out like trash whose bodies were found in an abandoned area in a remote part of the city. |
| Scene: Abandoned remote area where body was dumped. | Scene: Abandoned remote areas on outskirts of town where bodies are found. |

Doc. 16-1 pp. 65–67.

Based on these comparisons, Plaintiff brings two copyright claims: willful copyright infringement under 17 U.S.C. § 501 (Count I) and contributory and vicarious copyright infringement under 17 U.S.C. § 501 (Count II).

## II.   Legal Standard

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant,

3

lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. Analysis

Plaintiff brings two counts alleging copyright infringement.

To establish copyright infringement, a plaintiff must plead facts showing (1) the plaintiff owned a valid copyright and (2) the defendant copied protected

elements of the plaintiff's original work. *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1553–54 (11th Cir. 1996); *see also Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994). Because it is difficult to prove copying with direct evidence, courts—including the Eleventh Circuit—provide a two-part test to determine whether copying may be inferred. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982). First, a court asks whether the defendant had access to the plaintiff's work. *Id.* If so, it asks whether "the defendant's work is substantially similar to the plaintiff's." *Id.* But if a Plaintiff does not plead that a defendant had access to the copyrighted work, a plaintiff must show that the works were strikingly similar. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007). Striking similarity exists only when the works are so similar that there is no possibility of independent creation, coincidence, and prior common source. *Id.*

In pleading the defendant copied protected elements of the plaintiff's original work, a plaintiff must also plead facts that show that the similarities between the copyrighted work and the alleged copy are "copyrightable material." *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999)); *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1554 (11th Cir. 1996) ("Even if the court finds that the putative infringer copied portions of the copyright owner's program, that is not the end of the inquiry. Copyright

5

infringement occurs only if one copies *protected elements* of a copyrighted work[.]").

"Because the Copyright Act protects 'original works of authorship,' 17 U.S.C. § 102(a), the 'sine qua non of copyright is originality.'" *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994) (citing *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 345 (1991)). And, "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected." *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 348 (1991). Broad ideas cannot be copyrighted, nor can "stock scenes that naturally flow from a common theme," which are known as *scènes à faire. Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994); *see also DuBay v. King*, 844 F. App'x 257, 265 (11th Cir. 2021) ("Even assuming that the characters share some similarities concerning their knightly heritage, travel to different times and parallel worlds, Western attire, fictionalized Alamo histories, and knife-wielding, these similarities are *scènes à faire* that are too general to merit copyright protection.").

A court can dispose of a copyright case on the pleadings if all similarities alleged concern unoriginal aspects of the work, since "separat[ing] protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact." *Intervest Consrt., Inc. v.*

*Canterbury Est. Homes, Inc.*, 554 F.3d 914, 920 (11th Cir. 2008); *see also Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) (affirming *dismissal* of a complaint when the pro se plaintiff "has not shown any examples of copyright infringement, because the alleged similarities either do not exist or concern broad ideas[.]"); *Bennett v. Walt Disney Co.*, No. 23-12786, 2024 WL 4040443, at *2 (11th Cir. Sept. 4, 2024) (affirming dismissal of copyright infringement claim because none of the elements alleged to have been copied were "original, and thus none are protectable.").

Here, Plaintiff pleads that he was issued a copyright registration, effective December 14, 2021 for his literary work. 2d Am. Compl. (Doc. 16) ¶¶ 15–16. This literary work is what Plaintiff claims Defendants infringed. 2d Am. Compl. (Doc. 16) ¶ 24.

Next, Plaintiff attempts to show that Defendants had access to the copyrighted work by pleading that his close family member, who had access to Plaintiff's journal, was an extra on the set of *Power Book III: Raising Kanan* where he shared the work. 2d. Am. Compl. (Doc. 16) ¶ 20–22. But Plaintiff explicitly distinguishes the journal from his copyrighted work. Am. Compl. (Doc. 16) ¶ 21 ("In addition to the Registered Work, Plaintiff maintained a private, unpublished personal journal containing original creative expression related to, *but distinct from*, his copyrighted literary work." (emphasis added)). Thus, even if the Court accepts as true that Defendants had access to the

journal, it is not clear that Defendants had access to the copyrighted work. And, because Plaintiff does not plead that Defendants had access to the copyrighted work, he must show that the works were strikingly similar, meaning there is no possibility of independent creation, coincidence, or prior common source. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007).

Even construing Plaintiff's Amended Complaint liberally, he does not plead facts to show that the material allegedly copied was so original as to be protected by copyright or so similar as to preclude the possibility of independent creation, coincidence, or prior common source.

Again, Plaintiff pleads Defendants copied the following elements of his work: a dying mother who mentions someone "outliv[ing] us all" and directs a son to "take care of your brother,"; a concealed cancer diagnosis; and murder victims whose bodies are "discarded like trash" in a remote abandoned area. But because none of these elements is original in a copyright sense or is alleged to have been duplicated in a strikingly similar way, the pleadings are insufficient to show copyright infringement.

To start, dying mothers who conceal their diagnoses—or reveal them selectively—are somewhat commonplace in modern plots. *See e.g.,* MY LIFE WITHOUT ME (2003) (woman learns she has ovarian cancer and has two months to live and plans for her death while telling no one about her diagnosis),

8

THE BIG C (2010 –2013) (mother faces melanoma diagnosis, which she initially hides from her loved ones), MR. CHURCH (2016) (mother entrusts cook with secret of her cancer but he must promise to keep it secret from her daughter). Thus, Plaintiff's idea of the dying mother who conceals her diagnosis is not a concept so original as to warrant copyright protection. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) (Protectable elements include only the "constituent elements of the work that are original.").

Next, while Decisions and *Raising Kanan* appear to share the dialogue "You're gonna outlive all of us!" and "Take care of your brother," both lines are the sort of ordinary, common expressions that courts have rejected as non-copyrightable. *Narell v. Freeman,* 872 F.2d 907, 911–12 (9th Cir. 1989) (Ordinary words and phrases are not entitled to copyright protection, nor are "phrases and expressions conveying an idea typically expressed in a limited number of stereotyped fashions."); *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988) (holding a successful claim of dialogue infringement requires "extended similarity of dialogue" between the two works.); *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 285–287 (3d Cir. 2004) (recognizing the longstanding principle of copyright law that words and short phrases are not copyrightable); *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d

9

1043, 1072 (C.D. Cal. 2010) (agreeing, in deciding summary judgment,[1] that certain "lines contain[ed] similar words," such as "I miss you," "He's so funny," "Stay away from this neighborhood," and "Mmm. That's it," but finding they were "ordinary, common expressions that [were] not copyrightable"); *Braham v. Sony/ATV Music Publ'g*, No. CV 15-8422 MWF (GJSx), 2015 WL 7074571, at *5 (C.D. Cal. Nov. 10, 2015) (denying a pro se plaintiff permission to proceed without pre-paying the filing fee and dismissing his complaint because that the repetition of the phrases "Haters gonna hate" and "Players gonna play" between two songs was, in itself, insufficient to create a plausible case of copyright infringement). The phrase "outlive us all" has been used in other films. *See, e.g.,* ICE AGE: CONTINENTAL DRIFT (2012) ("She'll outlive us all, you

---

[1] While this case, and some of the others cited in this opinion, were decided at the summary judgment stage, the Eleventh Circuit has made clear that a court can dispose of a copyright case on the pleadings if all similarities alleged concern unoriginal aspects of the work, since "separat[ing] protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact." *Intervest Consrt., Inc. v. Canterbury Est. Homes, Inc.*, 554 F.3d 914, 920 (11th Cir. 2008). Thus, at the motion to dismiss stage, the Eleventh Circuit has delved into whether the plaintiff's alleged similarities are protectable. *See Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) (affirming sua sponte dismissal of a pro se Plaintiff's complaint "because the alleged similarities either do not exist or concern broad ideas or *scènes à faire.*"); *Bennett v. Walt Disney Co.*, No. 23-12786, 2024 WL 4040443, at *2 (11th Cir. Sept. 4, 2024) ("The mask similarities once again concern *scenes a faire* in the superhero and action genres. Owl is not the only character to wear a respirator. *See Memorable Movie Characters of the 2010s,* LIST CHALLENGES (Ant-Man, Bane); Jason Guerrasio, *The 51 greatest movie villains of all time, ranked*, BUSINESS INSIDER (Aug. 19, 2022) (Darth Vader, Immortan Joe).").

know that, right?"); THERE WAS A CROOKED MAN (1970) ("You'll outlive us all"). The same is true of "take care of your brother." *See, e.g.,* RED DAWN (1984) ("Jed, take care of your brother, you hear me?"); ICE AGE: DAWN OF THE DINOSAURS (2009) ("Stay here! You take care of your brother now."); FURIOUS 7 (2015) ("You take care of my brother").

As to the final elements that Plaintiff alleged Defendants copied (murder victims whose bodies are "discarded like trash" and a scene in a remote abandoned area), these are *scènes à faire*. In other words, Plaintiff is not the first author of a crime drama to have a scene where a body (or bodies) has been dumped in a remote, uninhabited area. Rather, this is a general scene in a crime drama that does not warrant copyright protection. *See Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986) (explaining, in affirming summary judgment, "Elements such as drunks, prostitutes, vermin and derelict cars would appear in any realistic work about the work of policemen in the South Bronx. These similarities therefore are unprotectible as 'scenes a faire,' that is, scenes that necessarily result from the choice of a setting or situation."). Indeed, shows like *CSI: Crime Scene Investigation* are replete with scenes of bodies being discarded in remote areas.

In other words, the elements Plaintiff identifies appear unoriginal, in a copyright sense, or otherwise without striking similarity sufficient to rule out

11

independent creation, coincidence, or prior common source. Thus, no element Plaintiff asserts Defendants copied is protected by copyright.

## IV.   Conclusion

For the reasons stated above, I find Plaintiff has failed to state a non-frivolous claim.  I thus respectfully recommend that the Court deny Plaintiff's request to proceed without paying the filing fee. Because Plaintiff has now been allowed to amend his complaint twice (including once after being warned that he must allege protected elements were copied) and because it does not appear that additional amendments could cure the defects identified above, I respectfully RECOMMEND:

(1)    Plaintiff's Second Amended Complaint (Doc. 16) be DISMISSED WITH PREJUDICE for failure to state a claim;

(2)    Plaintiff's motion to proceed in forma pauperis (Doc. 17) be DENIED.

SUBMITTED for the District Court's consideration on May 19, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure

12

to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.